# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,    :     Case No. 3:12-mj-022

  -vs-                                      Magistrate Judge Michael R. Merz

                                :

DONALD L. JOHNSON,

      Defendant.

## BINDOVER AND DETENTION ORDER

This case came on for hearing on January 30, 2012, for preliminary examination and on motion of the United States to determine whether any condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the appearance of the Defendant as required in this case and the safety of the community.

With the advice of counsel, Defendant knowingly, intelligently and voluntarily waived preliminary examination. Based on the Affidavit filed in support of the Complaint, the Court finds there is probable cause to believe Defendant committed the offense alleged in the Complaint and orders that he be bound over to the grand jury to answer that charge.

In requesting detention, the United States relied on the report of the Pretrial Services Officer, the presumption of detainability arising from the nature of the offense and the maximum and minimum sentences, and the probable cause determination. Defendant presented no testimony.

Based upon the evidence presented and for the reasons stated on the record in open court, the Court finds by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the appearance of the Defendant as required and

1

the safety of the community.

The term "safety of the community" refers to the community's security from criminal conduct by the Defendant, whether violent or not. *United States v. Redd,* Case No. CR-3-00-92 (S.D. Ohio January 22, 2001), *citing United States v. Ramsey*, 110 F. 3d 65, 1997 WL 135443 (6th Cir. March 24, 1997)(unpublished)(when considering the "safety of the community" in the context of pre-trial release, "the courts look to more than whether the defendant has been guilty of physical violence"); *United States v. Vance*, 851 F. 2d 166, 169 (6th Cir. 1988)(recognizing that community safety concerns focus on not only the safety of particular individuals, but also on the safety of the community as a whole).

The Government's Motion to detain is GRANTED.

Accordingly, it is hereby ORDERED that:

1) the Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2) the Defendant be afforded reasonable opportunity for private consultation with counsel; and

3) on order of a court of the United States or on request of an attorney for the United States, the person in charge of the facility in which the Defendant is confined deliver the Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

Defendants who appeal to a district judge from this Order must, at the same time as filing the appeal, order a transcript of the detention hearing from the court reporter.

January 30, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge